# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MARY YOLANDA BOMBON CAYAMBE,**

    Petitioner,

v.                                         Case No. 1:26-cv-00250-WJ-LF

**TODD BLANCHE**, Acting Attorney General,
**MARKWAYNE MULLIN**, Secretary,
U.S. Department of Homeland Security,
**DAVID VENTURELLA**, Acting Director,
Immigration and Customs Enforcement,
**MARY DE ANDA-YBARRA**, ICE Field Office Director,
**WARDEN**, Otero County Processing Center,
*in their official capacities*,[1]

    Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING BOND HEARING

THIS MATTER comes before the Court upon Petitioner Mary Yolanda Bombon Cayambe's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. **[Doc. 1]**.[2] Petitioner, who is an Ecuadorian citizen, entered the United States without admission or inspection in January 2024. She was arrested and detained by the Department of Homeland Security on or about January 6, 2026, in Minneapolis, Minnesota as part of the United States' pervasive efforts to effectuate the removal of residents who do not possess lawful status to remain in the United States. **Pet'n ¶ 23; Doc. 4 at 2**. A Notice to Appear was filed charging Petitioner with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), and Petitioner was subsequently transferred to the

---

[1] The Petition names as Respondents certain officials who no longer hold the relevant positions or are no longer the relevant parties given the location of Petitioner's detention has shifted since the initiation of this proceeding. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("The proper respondent to a habeas petition is 'the person who has custody over the petitioner.") (quoting 28 U.S.C. § 2242). Pursuant to Fed. R. Civ. P. 25(d) and Administrative Order No. 26-MC-00004-03 of this Court, the Court substitutes the proper respondents.

[2] Petitioner filed the Petition in the District of Minnesota. Because Petitioner was transferred to custody within this District, the habeas proceeding was subsequently transferred to the District of New Mexico. *See* **Doc. 6.**

Otero County Processing Center in New Mexico, where the record indicates she remains detained. **Pet'n at 2 n.1; Doc. 4 at 2–3; Doc. 16**. The Court exercises its jurisdiction under 28 U.S.C. § 2241.

Prior to her instant detention, the record indicates Petitioner was a law-abiding and contributing member of the Minneapolis, Minnesota community where she works and has family. **Pet'n ¶¶ 15–16; Doc. 9 at 1–2**. Petitioner represents that she has a work authorization permit valid through May 2030 and the record indicates she has applied for asylum. **Pet'n ¶¶ 13–14; Doc. 4 at 2**. She has no criminal history apart from the immigration offense implicated here. ***See* Pet'n ¶ 17**.

In their response to the Petition, Respondents argued that the enforcement effort resulting in Petitioner's detention was justified by the authority conferred by 8 U.S.C. § 1225, which in Respondents' view, entitles immigration officers to detain any noncitizen present in the United States regardless of the duration of their residence. **Doc. 4 at 3–7**. As Respondents have since conceded, however, the Tenth Circuit recently issued precedential authority rejecting that interpretation as inconsistent with the statute's text. *Santillan Quiroz v. Mullin*, ---F.4th----, 2026 WL 1876709, at *7 (10th Cir. June 30, 2026) (holding that § 1225(b)(2)(A) applies only to those "seeking to enter the United States at the border"); ***see* Doc. 18**. Because Petitioner was not seeking entrance to the United States at the border at the time of her arrest, but instead was arrested outside her home in Minneapolis, § 1225 cannot provide a basis for Petitioner's continued detention.

Respondents do not provide § 1226(a) as an alternative predicate for Petitioner's detention, yet it is recognized that subject to a valid administrative warrant,[3] § 1226(a) authorizes the

---

[3] United States District Judge Gerrard, who was assigned this case when it was initially filed in the District of Minnesota, ordered Respondents to address the presence or absence of a warrant in their response to the Petition. **See Doc. 3 ¶ 2**. Respondents did not address the issue in their response, and while the record indicates an administrative warrant may have been obtained, its date is uncertain. **See Doc. 4; Doc. 14 at 1**. Section 1226 requires a warrant to

detention of noncitizens pending a decision on removal upon a finding that they present a danger to the community or a flight risk.  *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(c)(8) (explaining that a noncitizen may be released from custody if they "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding"); *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).

Given that, as Respondents concede, § 1225(b)(2)(A) cannot authorize Petitioner's detention, Petitioner is instead subject to detention under § 1226(a).  Petitioner is therefore entitled to a bond hearing before a neutral immigration judge before continued detention may be authorized.  *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025)

It is, accordingly, ordered that Respondents **SHALL** provide Petitioner with a bond hearing before an immigration judge **within seven (7) days**.  The Court recommends that Petitioner's employment authorization is one factor that should be considered in an individualized custody determination.  If such hearing has not been provided within seven (7) days, Petitioner shall be **immediately released** unless and until it is established that continued detention is appropriate or appropriate conditions of release can be determined.

SO ORDERED.

_____/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

---

authorize continued detention.  *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).").