**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MARY YOLANDA BOMBON CAYAMBE,**

Petitioner,

v. Case No. 1:26-cv-00250-WJ-LF

**TODD BLANCHE**, Acting Attorney General,
**MARKWAYNE MULLIN**, Secretary,
U.S. Department of Homeland Security,
**DAVID VENTURELLA**, Acting Director,
Immigration and Customs Enforcement,
**MARY DE ANDA-YBARRA**, ICE Field Office Director,
**WARDEN**, Otero County Processing Center,
*in their official capacities*,

Respondents.

**ORDER TO SHOW CAUSE WHY TEMPORARY RESTRAINING ORDER SHOULD NOT BE LIFTED**

THIS MATTER comes before the Court upon Federal Respondents' Motion to Lift Temporary Restraining Order. **[Doc. 20]**. This proceeding was initiated in the District of Minnesota before being transferred to the District of New Mexico. A United States District Judge for the District of Minnesota entered an order enjoining Respondents from removing Petitioner from the United States until further court order. **[Doc. 3]**. Respondents seek to lift that order because, they represent, as of August 12, 2026, Petitioner is "subject to a final order of removal and immigration authorities are proceeding with efforts to effectuate Petitioner's removal." **[Doc. 20 at 2]**.

The Court's authority over immigration habeas proceedings is constrained by the jurisdictional and remedial limitations Congress has imposed on judicial review of removal orders. Relevant here, 8 U.S.C. § 1252(f)(2) provides that, "[n]otwithstanding any other provision of law,

no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law." Section 1252(g) further confirms the limits of this Court's authority to interfere with the execution of a removal order. That prison withdraws jurisdiction over "any cause or claim . . . arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). The Supreme Court has explained that § 1252(g) applies specifically to those three discrete agency actions, including the execution of removal orders, and protects them from judicial intervention outside the review process established by Congress. *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

The Court notifies the parties that, absent opposition by Petitioner, the Court intends to grant the Motion to Lift the Temporary Restraining Order. Therefore, the Court will order Petitioner to show cause, within five (5) working days, why the Motion should not be granted. If no opposition is filed within the time permitted by this Order, the Court may grant the Motion **[Doc. 20]** and lift the temporary restraining order without further notice.

**SO ORDERED.**

__/s/________________________________
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE